**Charles Edward EAKES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 25186.

United States Court of Appeals
Fifth Circuit.

March 5, 1968.

Clark E. Johnson, Jr., Albertville, Ala., for appellant.

R. Macey Taylor, U. S. Atty., Birmingham, Ala., for respondent.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Charles Edward Eakes appeals from a denial of his motion to vacate his sentence, 28 U.S.C. § 2255.

The appellant, represented by court-appointed counsel, was convicted upon his plea of guilty on two counts of an indictment for bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and a third count under § 2113(b) was dismissed. He was sentenced on April 3, 1967, to serve two concurrent sentences of twenty years. There was no direct appeal.

There is no merit to the contention of the appellant that the judgment should be vacated because the district court misled him as to the sentence which could be imposed, so that his plea of guilty was not made with full understanding of its consequences. Appellant received a lesser sentence than either that which the district court informed appellant it could impose or the maximum sentence provided by law.

The maximum term of imprisonment, however, which can be imposed for violation of § 2113, subsections (a), (b) and (d), where there has been but one bank robbery, is twenty-five years. These subsections do not create separate offenses; rather, they create different maximum punishments for a single offense depending on whether aggravating circumstances exist. Heflin v. United States, 5 Cir., 1955, 223 F.2d 371.; United States v. Williamson, 5 Cir., 1958, 255 F.2d 512, cert. denied, 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349, reversed on another ground, 265 F.2d 236; United States v. Gardner, 7 Cir., 1965, 347 F.2d 405, cert. denied, 382 U.S. 1015, 86 S.Ct. 626, 15 L.Ed.2d 529; [Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), held that consecutive sentences cannot be imposed for violations of subsections (c) and (d) of § 2113.] One of the concurrent sentences imposed in this cause must, therefore, be vacated, and, for this purpose the cause is reversed and remanded.