John GARNETT and Roderick Marvin
Greer, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 25451.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1968.

Certiorari Denied April 1, 1969.
See 89 S.Ct. 1288.

N. P. Callahan, Jr., George Reynolds, Birmingham, Ala., for appellants.

R. Macey Taylor, Asst. U.S. Atty., Melton L. Alexander, Birmingham, Ala., for appellee.

Before JOHN R. BROWN, Chief Judges, RIVES and McENTEE,[*] Circuit Judges.

PER CURIAM.

Defendants Greer and Garnett were indicted in three counts under the federal bank robbery statute, 18 U.S.C. § 2113. Both pleaded not guilty.[1] Before the trial commenced Greer filed a motion for severance which was denied. On the second day of trial, in the absence of the jury, Greer entered a plea of guilty. When the jury returned the court drew its attention to the fact that Greer was no longer in court, informed it that the case against him had been disposed of, but did not comment upon the fact that Greer had changed his plea. Garnett then moved for a mistrial. This motion was denied. Later in the trial, Garnett also pleaded guilty.

Defendants seek reversal of their convictions on the ground that count 3 of the indictment, under which they were sentenced, is duplicitous and therefore invalid. There is no merit in this contention. Count 3 charged that the defendants used "force and violence"

[*] From the First Circuit, sitting by designation.

1. A third defendant pleaded guilty and testified for the government.

and "put in jeopardy the life" of the bank teller. While it is true that these phrases appear in separate subsections of 18 U.S.C. § 2113,[2] in Eakes v. United States, 5 Cir. 1968, 391 F.2d 287, this court held, "These subsections do not create separate offenses; rather, they create different maximum punishments for a single offense depending on whether aggravating circumstances exist." Therefore it was proper to charge them in a single count of the indictment.

■ Defendants also allege that their guilty pleas were involuntary. Each argues that he was induced to plead guilty; Greer because the court erroneously denied his pretrial motion for severance, Garnett because the court erred in denying his motion for mistrial after Greer changed his plea. Greer's motion for severance alleged that each codefendant would probably call the other as a witness and that a joint trial would greatly prejudice his right to a fair trial. This motion failed to show that Garnett would in fact testify or that his testimony would tend to exculpate Greer. "An intention of the movant to have his codefendant testify has never been considered ground for severance. This is especially true where, as here, any prejudice resulting from the joint trial is merely speculative." Smith v. United States, 5 Cir. 1967, 385 F.2d 34, 38. Garnett's motion for mistrial was based on the fact that the record contained evidence inadmissible as to him and that he would be prejudiced by Greer's absence as a defendant in the case. We think the evidence against Garnett was overwhelming in its own right: e. g., his fingerprints were found on the counter top of the teller's cage.

In view of the fact that the court gave extensive curative instructions after Greer entered his guilty plea, we are not persuaded by Garnett's argument that his own change of plea was induced.

Furthermore, the record indicates that both defendants were questioned at length by the court and pleaded guilty understanding fully the nature of the charges against them and the consequences of their pleas, as required by Fed.R.Crim. P. 11.

Affirmed.

---

2. "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; * * * Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \*

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."