**John Leonard BOND, Movant,**

**v.**

**UNITED STATES of America, Respondent.**

**No. CIV-2-76-53.**

United States District Court, E. D. Tennessee, Northeastern Division.

May 21, 1976.

John Leonard Bond, pro se.

John L. Bowers, Jr., U. S. Atty. by W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The plaintiff-prisoner Mr. John Leonard Bond, under sentence of this Court in *United States of America, plaintiff, v. John Leonard Bond, Et Al., defendants*, criminal action no. 7109, this district and division, claims the right to be released upon the ground that such sentence is subject to collateral attack, 28 U.S.C. § 2255,[1] in that he was charged in the indictment therein in one count with two substantive offenses, viz., a violation of 18 U.S.C. § 2113(a)[2] and a violation of 18 U.S.C. § 2113(d).[3] The files and records therein show conclusively that such prisoner is entitled to no relief. 28 U.S.C. § 2255, *supra*.

 Same do not reflect that there has been such a denial or infringement of such prisoner's constitutional rights as to render the judgment of this Court vulnerable to collateral attack. Such an attack can be brought only upon a sentence based upon an indictment which is so grossly defective as to be in violation of the Constitution. *United States v. Dickerson*, C.A. 6th (1964), 337 F.2d 343, 345[2]; *Castano v. United States*, C.A. 7th (1963), 313 F.2d 857, 858 [2], certiorari denied (1963), 374 U.S. 843, 83 S.Ct. 1899, 10 L.Ed.2d 1063; *Roth v. United States*, C.A. 8th (1961), 295 F.2d 364, 365—

---

1. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

 \* \* \* \* \* \*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief \* \* \*", etc. 28 U.S.C. § 2255.

2. "\* \* \* Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a).

3. "\* \* \* Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both." 18 U.S.C. § 2113(d).

366[1], certiorari denied (1962), 368 U.S. 1004, 82 S.Ct. 639, 7 L.Ed.2d 543. The indictment against Mr. Bond was not so grossly defective; in fact, it was not defective at all. Although divided into subsections, 18 U.S.C. § 2113 " * * * creates but a single offense with increased punishment when committed in an aggravated form. *Holiday v. Johns[t]on* [1941], 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1390. * * * " *Nolen v. United States*, C.A. 6th (1951), 190 F.2d 418, 420[2].

For such reason the movant hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should he give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.