UNITED STATES of America

v.

Victor TORRES, a/k/a "Victor Torres Lebron," George Torres, a/k/a "George Torres Lebron," Nelson Flores, Manuel Vasquez, a/k/a "Manny," Jesus Santiago, a/k/a "Chu," a/k/a "Chuito," Efraim Arcelay, a/k/a "Negro," Louis Rivera, Natalie Vasquez, a/k/a "Tita," Raymond Coffie, a/k/a "Meno," Fernando Padron, Dennis Rivera, Reginald Velez, a/k/a "Reggie," Rosa Flores, Pedro Cruz, Carlos Nunez, Efraim Quinones, Irene Quinones, a/k/a "Irene Montalvo," and Edwin Colon, Defendants.

No. S 87 Cr. 593 (JMW).

United States District Court,
S.D. New York.

March 30, 1988.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Helen Gredd, Catherine Gallo, Asst. U.S. Attys., New York City, for plaintiff.

Gerald L. Shargel, New York City, for Victor Torres.

Michael Ross, New York City, for George Torres.

Gerald B. Lefcourt, New York City, for Nelson Flores.

MEMORANDUM AND ORDER

WALKER, District Judge:

Defendants Victor Torres, George Torres, and Nelson Flores have filed supplemental motions with this Court attacking the superseding indictment in which

each is charged as a "principal" of a massive, multimillion dollar heroin distribution organization pursuant to 21 U.S.C. § 848(b) ("§ 848(b)").[1] Defendants also seek a bill of particulars to supplement the indictment. For the reasons stated below, defendants' motions are denied. The Court will defer its decision on defendants' claim that § 848(b) unconstitutionally contravenes the Eighth Amendment until such time as that issue becomes justiciable.

## STATUTORY FRAMEWORK

The continuing criminal enterprise provisions of Title 21 reflect Congress' desire to prescribe stiff penalties for those convicted of participating in large-scale drug enterprises. Originally, individuals convicted of engaging in certain narcotics offenses "in concert with five or more other persons with respect to whom such person occupies a position of organizer ... [and] from which such person obtains substantial income" faced a sentence ranging from a mandatory imprisonment of ten years to life without parole. The statute withstood several attacks alleging that it was violative of the Constitution. *See, e.g., United States v. Manfredi,* 488 F.2d 588, 602–3 (2d Cir.1973), *cert. denied sub nom. La Cosa v. United States,* 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974) (vagueness attack rejected); *United States v. Johnson,* 537 F.2d 1170, 1175 (4th Cir.1976) (§ 848, as applied, not violative of the Ex Post Facto clause); *United States v. Erwin,* 793 F.2d 656, 668–69 (5th Cir.1986) (statute does not violate the Eighth Amendment).

In 1986, the statute was amended to provide for mandatory life imprisonment without parole if certain aggravating factors are present. According to § 848(b), as amended, an individual who is found to be a *"principal* administrator, organizer, or leader of the enterprise ... and the enterprise ... received $10 million dollars in

---

1. 21 U.S.C. § 848 reads in full as follows:

(a) Penalties; forfeitures

Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this chapter; except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this chapter.

(b) Conditions for life imprisonment for engaging in continuing criminal enterprise

Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a) of this section if—

(1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

(2)(A) the violation referred to in subsection (d)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or

(B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

(d) (sic) Continuing criminal enterprise defined

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

(e) Suspension of sentence and probation prohibited

In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of Title 18 and the Act of July 15, 1932 (D.C.Code, secs. 24–203 to 24–207), shall not apply.

gross receipts during any twelve-month period of its existence ..." faces the enhanced sentence of life imprisonment. §§ 848(b)(1) and (b)(2)(B) (emphasis added).[2] Thus, Congress equipped law enforcement officials not only with § 848(a) but also with § 848(b) which was aimed at those heading large-scale CCEs. As far as we know, defendants' motion represents the first challenge to the constitutionality of § 848(b).

## VAGUENESS AND ARBITRARINESS

Defendants contend that § 848(b) runs afoul of the Fifth Amendment because it is impermissibly vague and arbitrary. Defendants maintain that because § 848(b)(1) fails to define the terms therein and incorporates by reference other provisions of Title 21 the Court must find § 848(b) violative of the Fifth Amendment. Defendants' argument, however, is without merit.

The Court notes at the outset that vagueness challenges to criminal laws requiring specific intent are rarely successful in the Second Circuit. *United States v. Hescorp, Heavy Equipment Sales Corp,* 801 F.2d 70, 77 (2d Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 672, 93 L.Ed.2d 723 (1986); *United States v. MacKenzie,* 777 F.2d 811, 816 (2d Cir.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 977 (1986). Such challenges have been largely unsuccessful because, as the Supreme Court stated, "[a] mind intent upon willful evasion is inconsistent with surprised innocence." *United States v. Ragen,* 314 U.S. 513, 524, 62 S.Ct. 374, 379, 86 L.Ed. 383 (1942). In other words, a party that engages in conduct with criminal intent should not be surprised that the proscribed behavior is subject to punishment.

In drafting statutes, Congress is not required to define all material terms. Rather, a penal statute will be upheld provided that it "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited

and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Furthermore, simply because Congress "might, without difficulty, have chosen '[c]learer and more precise language' equally capable of achieving the end which it sought does not mean that the [regulations] which it in fact drafted [are] unconstitutionally vague." *United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 321, 46 L.Ed.2d 228 (1975) (citation omitted). Moreover, in evaluating this vagueness challenge, the Court is limited to the facts of the specific case; facial attacks of a statute for vagueness are only permitted in the First Amendment context. *MacKenzie,* 777 F.2d at 816; *Manfredi,* 488 F.2d at 603.

Given the foregoing standards, the Court concludes that § 848(b) is not unconstitutionally vague. Although the terms in the phrase "principal administrator, organizer or leader" are not defined, their meanings are easily understood and applied by ordinary individuals. The aim of the statute is to address the serious problem of large-scale drug enterprises in this nation. Through the use of the word "principal," Congress sufficiently indicated at whom the statute was targeted, and it is not the responsibility of this Court to draft more precise language. Thus, the Court rejects defendants' argument that there is no difference between §§ 848(a) and (b). Clearly, by inserting the word "principal" into § 848(b), Congress intended to create a subcategory within § 848(a) which is subject to greater punishment. In addition, the statute provides sufficient guidance to law enforcement officials so that arbitrary and wholly discretionary decision-making will be avoided. *Kolender,* 461 U.S. at 358, 103 S.Ct. at 1858. The discretion of law enforcement officials in prosecuting individuals under § 848(b) is successfully limited by the use of the word "principal."[3]

---

**2.** None of the defendants is charged under § 848(b)(2)(A).

**3.** The Court also finds no merit in defendants' argument that because the controlled sub-

stances listed in 21 U.S.C. § 841(b) may "change from time to time," the statute is arbitrarily drawn. Memorandum of Law in Support of the Supplemental Motions, p. 19. Defendants' contention proves too much, however, because ev-

■ Defendants further contend that §§ 848(b)(2)(A) and (B) are arbitrarily drafted and thus are unconstitutional.[4] However, defendants concede that "Congress may legislate by degrees."[5] Indeed, when creating categories to address its concerns, the sole limit on Congress is that the categories established be rationally related to the intended purpose. *United States v. Agilar*, 779 F.2d 123, 125–26 (2d Cir.1985), *cert. denied*, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986). Here, Congress sought to deter and punish those who head drug enterprises grossing more than $10 million dollars in any twelve month period by creating a severe penalty for such conduct. Although defendants are correct that Congress has selected an arbitrary dollar figure, the Court concludes that Congress acted rationally in fixing a cut-off point above which it wished to apply a severe punishment. It is not the province of this Court to re-draft legislation, especially since all lines are to some degree arbitrarily drawn and the statute at issue here rationally furthers the goal of deterring and punishing those heading large drug networks.

Accordingly, defendants' motion to dismiss the § 848(b) counts under the Fifth Amendment is denied.

## VINDICTIVE PROSECUTION

Counsel for Flores argues that the government chose to indict him under § 848(b) for impermissible reasons, namely prosecutorial vindictiveness. Accordingly, Flores argues that the § 848(b) charge against him must be dropped from the superseding indictment. For the reasons stated below, this motion is denied.

■ Where the bringing of an indictment is motivated solely by the prosecutor's vindictiveness, it is subject to dismissal. However, in both *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), and *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed. 2d 604 (1978), the Supreme Court refused to create a presumption of vindictiveness to pretrial decisions to alter an indictment.[6] Rather, the Court concluded that the criminal defendant must come forward with evidence sufficient to prove improper motivation. *Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494.[7] *Accord, United States v. Khan*, 787 F.2d 28, 30–3 (2d Cir.1986); *United States v. Hinton*, 703 F.2d 672, 678–79 (2d Cir.), *cert. denied*, 462 U.S. 1121, 103 S.Ct. 3091, 77 L.Ed.2d 1351 (1983). In this case, however, Flores has failed to meet this burden.

Flores argues that the government was insistent that he cooperate with the government as a condition to a plea to a lesser charge and that when he refused, the government impermissibly hit him with the heavy artillery of § 848(b). There is no showing, however, that the § 848(b) charge was brought in retaliation for Flores' refusal to cooperate or, indeed, for any reason other than to further the public interest. Moreover, the government is entitled to condition such a plea on whatever grounds it chooses so long as they are

---

ery statute is subject to change. What is relevant in this inquiry is whether sufficient notice is given to potential offenders that certain behavior is proscribed and that the discretion of law enforcement officials is appropriately restrained. *Kolender, supra*. The Court has already concluded that this standard has been fulfilled by § 848(b).

**4.** Because defendants are charged only with violating § 848(b)(2)(B), defendants arguments concerning the constitutionality of § 848(b)(2)(A) are not properly before the Court. *United States v. Herrera*, 584 F.2d 1137, 1148 (2d Cir.1978).

**5.** Memorandum of Law in Support of the Supplemental Motions, p. 22.

**6.** "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Goodwin*, 457 U.S. at 382–83, 102 S.Ct. at 2493.

**7.** This Court does not agree that *Goodwin* left open the possibility of creating a presumption of improper motivation when counts are added to an indictment before trial. Instead, the Court concluded that no presumption would be created, but a defendant could come forward with evidence to prove improper motivation.

constitutionally permissible. Flores does not, and cannot, argue that it is unconstitutional to require cooperation with the government before such a plea will be accepted.

Flores further contends that because the government never indicated that he would be charged with a § 848(b) violation if plea negotiations failed, the sole motivation for the new charge must be vindictiveness. We cannot agree. Flores was on notice that he was a candidate for a § 848(b) charge based upon the pre-arrest affidavits, with which he was furnished long before the superseding indictment, that revealed his high level position in a massive, lucrative heroin distribution ring. Even if, as defendants contend, Flores was misled with respect to the likelihood of a § 848(b) count against him, this Court is not ready, without more, to presume bad faith by the government. There is no claim that the government deliberately misled Flores, and it is not incumbent upon the government to divulge its plans concerning a superseding indictment.

Accordingly, the Court concludes that the § 848(b) count against defendant Flores in the superseding indictment may not be stricken as improperly brought.

### DUPLICITOUS INDICTMENT

Defendants argue that the superceding indictment should be dismissed because it is duplicitous. This argument borders on the frivolous.

 The first paragraph of each count in the indictment charges the defendants with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). The second and third paragraphs of each count further charge that the offense of operating a continuing criminal enterprise was committed in its aggravated form, as defined in § 848(b). The defendants argue that this form of charge impermissibly combines two offenses in a single count.

Although an indictment may not stand when it charges two or more distinct, separate offenses in a single count, *United States v. Droms,* 566 F.2d 361 (2d Cir.

1977), such is not the case where the single count sets forth additional circumstances of the *same* offense which, if proved, would result in an enhanced penalty. Thus, courts have consistently held it proper to charge more than one subsection of the similarly drafted bank robbery statute, 18 U.S.C. § 2113, in a single count. These courts have reasoned that since the various subsections of that statute do not create separate offenses, but simply specify different punishments depending upon whether aggravating circumstances exist, the Constitution is not violated by charging more than one subsection. *Garnett v. United States,* 404 F.2d 26, 26–27 (5th Cir. 1968), *cert. denied,* 394 U.S. 949, 89 S.Ct. 1288, 22 L.Ed.2d 484 (1969); *Nolen v. United States,* 190 F.2d 418, 420 (6th Cir.1951) (citing *Holiday v. Johnston,* 313 U.S. 342, 313 U.S. 550, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941)); *Bond v. United States* 425 F.Supp. 953, 954–55 (E.D.Tenn.1976).

A textual analysis of the statute underlying the § 848 charge in this case convinces the Court that the reasoning applied by the courts to the bank robbery statute should control here. Like the bank robbery statute, the text and structure of 21 U.S.C. § 848 create a single offense with possible aggravating circumstances, and a single count pleading both the basic offense and the aggravating circumstances is, therefore, entirely proper. Accordingly, the § 848 counts may not be stricken as duplicitous.

### EIGHTH AMENDMENT

 Defendants seek a decision by this Court holding § 848(b) unconstitutional under the Eighth Amendment's proscription against "cruel and unusual punishment" by virtue of its mandatory sentence of life imprisonment without parole. Because the Court concludes that defendants' motion is not ripe for disposition, the Court denies the motion without prejudice to renewal at such time as defendants stand convicted of the § 848(b) offense.

This Court may only exercise its Article III powers when faced with a justiciable case or controversy. The doctrine of ripe-

ness, as developed by the Supreme Court, dictates when certain disputes present a case or controversy capable of being decided by a federal court. Although a party may have standing to bring a suit, the suit itself may be premature because it has not yet become definite that a resolution of that dispute is necessary. Accordingly, the Supreme Court has concluded that "[i]t would not accord with judicial responsibility to adjudge, in a matter involving constitutionality ... except when definite rights appear upon the one side and definite prejudicial interferences upon the other." *United Public Workers of America v. Mitchell*, 330 U.S. 75, 90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947).

In the present posture of this case, defendants' Eighth Amendment claim does not present a case or controversy. It is unclear whether defendants will ever be faced with sentencing under § 848(b). The government may offer and the defendants may accept guilty pleas to lesser offenses, or the jury may not find defendants guilty of violating § 848(b). Defendants' motion ripens only at such time as this Court must sentence them for violating § 848(b), and even then the motion could be rendered moot if the Court were to exercise its discretion under § 848(a) by imposing the same sentence made mandatory under § 848(b). To decide the motion now would be tantamount to rendering an advisory opinion.

There is no compelling reason for this court to decide defendants' Eighth Amendment claim prematurely. This is not a case where defendants are seeking to find out whether future conduct will be violative of a new or ambiguous statute. *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 1216, 39 L.Ed.2d 505 (1974). Rather, the defendants stand indicted under § 848(b), and they challenge, not the statutory proscription, but the mandatory sentence upon conviction. Thus, if the court agrees with them, the conviction will still stand; only the sentence will be modified.

The defendants seek a determination of the issue now out of a desire to assess the risks of going to trial as opposed to pleading guilty to lesser charges that have been offered by the government.[8] This is an insufficient basis for this Court to determine an issue that is not ripe for adjudication. The risk that the penalty established in § 848(b) will be held not to violate the Eighth Amendment, like the risk of conviction, is simply a factor to be evaluated by the defendants, with counsel's advice, in deciding whether to plead guilty or go to trial.

### EX POST FACTO CLAIM

■ Defendants claim that their indictment under § 848(b) also violates the Ex Post Facto clause of the Constitution, since the continuing criminal enterprise alleged in the indictment began before October 27, 1986, the effective date of § 848(b). For the reasons stated below, the Court denies this motion.

Defendants in their brief fail to discuss the clear and consistent holdings of many courts that in the case of continuing offenses, such as the operation of a continuing criminal enterprise, the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of that statute. *United States v. Johnson*, 537 F.2d 1170, 1175 (4th Cir.1976); *United States v. Ferrara*, 458 F.2d 868, 874 (2d Cir.), *cert. denied*, 408 U.S. 931, 92 S.Ct. 2498, 33 L.Ed.2d 343 (1972). Since the indictment alleges the continuation of a criminal enterprise beyond the effective date of § 848(b), the Court denies this motion.[9] The Court reserves decision on whether income received by the alleged drug enterprise prior to the effective date of the statute may be used to satisfy the requirements of § 848(b)(2)(B). By necessity, the resolution of this issue must await the government's proof at trial and may be handled with in an appropriate instruction to the jury.

---

8. The three moving defendants have each been given the opportunity to plead guilty to a charge under § 848(a).

9. The indictment alleges that the enterprise functioned up to the filing of the first indictment on July 9, 1987. As a practical matter, however, defendants' conduct ceased at the time of their arrests on June 24, 1987.

## BILL OF PARTICULARS

 Defendants seek a bill of particulars stating whether the government (a) "intends to rely on any crimes not charged in Counts One and Five through Eleven of the indictment to establish the existence of a continuing criminal enterprise under any of the three § 848 counts; and (b) the 12–month period(s) during which the enterprise allegedly received gross receipts of at least $10 million." [10] In its answering papers, the government consented to provide defendants with most of the information sought. Thus, defendants' motion with respect to that information has been rendered moot. To the extent that the defendants seek more than the government has agreed to provide, however, their motion is denied.

The government has informed the defendants of the relevant twelve-month period it will rely on in prosecuting the defendants under § 848(b)(2)(B). It has further notified them of the crimes upon which it will rely to prove the continuing criminal enterprise. The government has refused, however, to specify the acts which will be used to prove the existence of the enterprise. Although it is not clear from defendants' papers that such information is requested, the Court sees no reason to compel the government to disclose this information. The information already disclosed by the government and the indictment provide the defendants with sufficient information to enable them to mount a defense.

## CONCLUSION

The motions of defendants George Torres, Victor Torres, and Nelson Flores attacking the charges against them under 21 U.S.C. § 848(b) in the superseding indictment and seeking a bill of particulars are denied.

SO ORDERED.

---

**10.** Memorandum of Law in Support of the Supplemental Motions, p. 51.