ON REHEARING
Our original opinion in this cause is hereby withdrawn and the following substituted in its place.
Ernest Williams, Jr. was convicted for third degree robbery and sentenced to 15 years' imprisonment as a habitual offender. Four issues are raised on this appeal from that conviction.
 I
The indictment charged that the defendant "did in the course of committing a theft . . ., use or threaten the imminent use of force against the person of [the victim], with intent to overcome his physical resistance or physical power of resistance, in violation of § 13A-8-43(a)(2)." The defendant timely filed a motion to dismiss, which was denied.
Robbery in the third degree is defined by § 13A-8-43:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
The present indictment combines portions of subsections (a)(2) ("threaten the imminent use of force") and (a)(1) ("with intent to overcome his physical resistance"). The major distinction between these two subsections is that subsection (a)(1) involves the use of force while subsection (a)(2) condemns the threat of force. Threatening the use of force against a person is not a violation of subsection (a)(1). Yet, here, the indictment charged the use or threat of force. This was more than the miscitation of a code section. Cf. Ex parteBush, 431 So.2d 563, 564 (Ala. 1983), cert. denied, Bush v.Alabama, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983).
In effect, the indictment charged, in a single count, alternative methods of proving the same crime. See Sisson v.State, 528 So.2d 1151 (Ala.Cr.App. 1987), affirmed, Ex parteState, 528 So.2d 1159 (Ala. 1988) ("Section 32-5A-191(a)(1) and (2) are merely two different methods of proving the same offense — driving under the influence."). "When an offense may be committed by different means or with different intents, such means or intents may be alleged in an indictment in the same count in the alternative." Alabama Code 1975, *Page 1252 
§ 15-8-50. Chappell v. State, 52 Ala. 359, 360-61 (1875), held that in an indictment for common law robbery, the taking of the property from the victim may be charged to have been "against his will, by violence to his person" or "by putting him in such fear as [to cause him] unwillingly to part with the same" in different counts or in the same count in the alternative.
In Garnett v. United States, 404 F.2d 26 (5th Cir. 1968), cert. denied, 394 U.S. 949, 89 S.Ct. 1288, 22 L.Ed.2d 484
(1969), one count of the indictment included phrases from different subsections of the statute charging federal bank robbery. That court found no merit to the defendant's contention that the count was duplicitous and therefore invalid:
 "While it is true that these phrases appear in separate subsections of [the federal bank robbery statute], in Eakes v. United States, 5 Cir. 1968, 391 F.2d 287, this court held, 'These subsections do not create separate offenses; rather, they create different maximum punishments for a single offense depending on whether aggravating circumstances exist.' Therefore it was proper to charge them in a single count of the indictment." Garnett, 404 F.2d at 27.
Although the indictment was clumsily and inartfully drawn, it is sufficient to inform the defendant of the nature of the charge. "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning." Alabama Code 1975, § 15-8-21.
 II
The defendant argues that the trial judge erroneously charged the jury on the law of "complicity." At trial, defense counsel argued that the trial judge gave an incorrect charge on aiding and abetting: "You told the jury part of what aiding and abetting is, but you didn't tell the jury that the Defendant had to have the intent to promote or assist in the commission of the offense."
In this state, complicity liability is defined by statute and requires that the accomplice "inten[d] to promote or assist the commission of the offense." Alabama Code 1975, § 13A-2-23. Here, the trial judge properly charged the jury that, in order to sustain the charge, "the State by the evidence must prove beyond a reasonable doubt that the Defendant had knowledge that a theft was taking place and that he intended to promote or assist in the commission of the offense." During the course of his instructions, the judge also mentioned the defendant's presence "with a view to render aid should it become necessary," the principal's knowledge of "the presence of the other with the intent to give such aid," and "the perpetrator's knowledge of his intent to render assistance if necessary."
Although isolated portions of the court's oral charge may have been misleading, "[t]he rule is well established that where a portion of the oral charge is erroneous, the whole charge may be looked to and the entire charge must be construed together to see if there be reversible error." Gosa v. State,273 Ala. 346, 350, 139 So.2d 321, 324 (1961). "An instruction explanatory of another charge should be considered in connection therewith; and if, when considered together, they assert a correct proposition, the judgment will not be reversed, though the explanatory charge, as a separate and disconnected instruction, may not express all the elements of the proposition." Johnson v. State, 81 Ala. 54, 1 So. 573, 574
(1886).
 III
The defendant contends that the trial judge erred when he charged the jury that "all witnesses are presumed to speak the truth." This constitutes error. "In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses." Williams v. State,520 So.2d 179, 181 (Ala.Cr.App. 1987). *Page 1253 
However, this error was harmless because the trial judge also instructed the jury that there was a conflict of testimony, and that it was their duty "to reconcile the testimony of all the witnesses with that of being the truth if it is possible for you to do so. If you are unable to do this, then you must decide which witness you choose to believe and which witness you choose not to believe." The judge instructed the jurors on the factors they should consider in weighing the testimony of the witnesses, and that the defendant's testimony "should be, like any other witness, should be given what weight and credibility as you, the jury, determine it should be given, consistent with all the witnesses that took the stand in this case."
"[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly." Harris v. State,412 So.2d 1278, 1281 (Ala.Cr.App. 1982), and cases cited in Part II of this opinion. Here, the defendant testified in his own behalf and the judge's oral charge made it clear that the presumption of truthfulness applied to all witnesses including the defendant. For this reason, and because of the other related instructions given, we find the error to be harmless and to have caused the defendant no prejudice. See Rose v. Clark,478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
 IV
Finally, the defendant contends that he was prejudiced by the admission of evidence of crimes not charged in the indictment.
The defendant was charged with third degree robbery. Essentially, the State's evidence showed that this was a shoplifting case in which the defendant aided Ava Philpot, who did the actual taking.
Upon detection, both the defendant and Ms. Philpot ran towards a car "illegally parked in a fire lane . . . right close to the front door" of the store. Ms. Philpot was apprehended near the car by a security officer, who observed that the car was "full of merchandise," including clothing that was "double-ticketed." The security officer testified that "when you buy a clothing item most companies will separate that lower portion of the ticket."
 "Although there must be 'some legitimate evidence which would at least furnish a reasonable inference of the involvement of the accused' in the other offense, Moreland v. State, 373 So.2d 1259, 1261 (Ala.Cr.App. 1979), '(t)he defendant's involvement or guilt of such other transactions need not be proven beyond a reasonable doubt for such evidence to be admissible.' Smith v. State, 401 So.2d 185, 186 (Ala.Cr.App.), cert. denied, Ex parte Smith, 401 So.2d 187 (Ala. 1981).
 " 'Before evidence of the commission of other crimes by accused is admitted, the trial court should satisfy itself that the evidence substantially establishes the other crimes, accused's connection therewith, and their connection with the offense for which accused is being tried; and clear and convincing proof, or the making out of at least a prima facie case, has been required.
 " 'Evidence of a vague and uncertain character, offered for the purpose of showing that accused has been guilty of similar offenses, should not be admitted under any pretense whatever; nor is . . . mere suspicion, or proof of a suspicious circumstance, sufficient.' 22A C.J.S. Criminal Law § 690 (1961).
 "See also 29 Am.Jur.2d Evidence § 333 (1967)." Eslava v. State, 473 So.2d 1143, 1146 (Ala.Cr.App. 1985).
Although the State's evidence did not show the defendant's involvement with another shoplifting, the defendant's own testimony established the following: (1) the car in which the double-ticketed merchandise was found belonged to the defendant; (2) the defendant had loaned the car to Ava Philpot earlier in the day; and (3) the defendant had seen the merchandise in the *Page 1254 
car prior to the incident resulting in this prosecution.
This testimony provides a reasonable inference that the defendant was involved with Ava Philpot in a prior shoplifting and indeed "connects" the defendant with the other offense. Although the trial court erred by admitting evidence of the other offense at the time it was offered, the error was cured when the defendant's own subsequent testimony established his connection with the collateral offense. See Weatherford v.State, 369 So.2d 863, 871 (Ala.Cr.App.), cert. denied, Ex parteWeatherford, 369 So.2d 873 (Ala.), cert. denied, Weatherford v.Alabama, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979) (defendant's eliciting testimony that he had a history of "voyeurism, peeping Tom, exhibitionism, and things of that nature" cured error of admitting evidence that accused was arrested for indecent exposure the day after rape).
Although there was no direct testimony that the double-ticketed items in the defendant's car had been stolen, the security officer's unrebutted testimony that "when you buy a clothing item most companies will separate that lower portion of the ticket," furnished a reasonable inference that the merchandise had been stolen. "[A]lthough wholly circumstantial, [this testimony was] sufficient to show [the] stolen character" of the goods. Poke v. State, 387 So.2d 310, 312 (Ala.Cr.App. 1980).
 "This evidence was sufficient to show that the items were stolen for the purposes of admitting them into evidence even though this same evidence may not have been sufficient to prove the theft of these items beyond a reasonable doubt. Here we have more than simply the mere unexplained possession of property which, of itself, is insufficient to raise the presumption that the property was stolen." Id. Compare Weatherspoon v. State, supra [36 Ala. App. 392, 56 So.2d 793 (1952)] (wherein the court noted a "complete lack of evidence tending to show that the cigarette lighters had been stolen").
The judgment of conviction is affirmed.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TAYLOR, P.J., and TYSON and McMILLAN, JJ., concur.
PATTERSON, J., concurs in result.
 *Page 1