The appellant, Kennedy Gerald Smith, was convicted of murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 25 years in the state penitentiary.
The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion in limine. The purpose of the motion was to avoid the introduction of evidence that the debt which precipitated the murder arose from a sale of "crack" cocaine by the appellant to the victim. However, this issue is not preserved for our review.
When the evidence, which was the subject of the motion in limine, was proffered at trial, the appellant failed to object. An objection was necessary to preserve error because the trial court in no way foreclosed later discussion of the issue after denying the motion.
 "In Phillips v. State, 527 So.2d 154 (Ala. 1988), our Supreme Court held the following:
 " 'It is the law "that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel) made in limine, preserves this adverse ruling for postjudgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, *Page 224 
unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary. See C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981)." Liberty National Life Ins. Co. v. Beasley, 466 So.2d 935, 936 (Ala. 1985).'
"Id. at 156.
 "In the instant case, counsel failed not only to object at trial to the references of which he now complains, but also failed to obtain the express acquiescence of the court that would make an objection at trial unnecessary. This issue is therefore not preserved for appellate review."
Lee v. State, 562 So.2d 657, 665 (Ala.Cr.App. 1989).
 II
The appellant's second contention is that the trial court incorrectly allowed into evidence testimony about his dealings in cocaine. However, the undisputed evidence established that the appellant killed the victim because the victim owed him money for "crack" cocaine. Thus, we are of the opinion that such evidence tended to show the appellant's motive for killing the victim and was, therefore, admissible. Mayberry v. State,419 So.2d 262 (Ala.Crim.App. 1982).
 III
The appellant's third contention is that the trial court erred in allowing into evidence the written statement of Lamiko Turner. In the appellant's own words, the statement "recites numerous prior statements inconsistent with the witness's trial testimony." Any difference was related merely to form and not to substance. Because the statement amounted to cumulative testimony it was harmless error, if error at all, for the trial court to allow the statement into evidence. Musgrave v. State,555 So.2d 1190 (Ala.Cr.App. 1989).
 IV
Finally, the appellant contends that a portion of the trial court's oral charge to the jury was an incorrect statement of the law and amounted to reversible error. During its oral charge to the jury, the trial court informed the jurors that "[i]n order to justify an acquittal you must have an actual and substantial doubt, not a mere possible doubt." The appellant's counsel excepted to the use of the phrase "substantial doubt," stating that "they must have a reasonable doubt in order to acquit the defendant."
Judge McRae's charge to the jury regarding reasonable doubt provided the following:
 "In order to justify an acquittal you must have an actual and substantial doubt, not a mere possible doubt. A reasonable doubt is not a mere guess or surmise. It is not a forced or capricious doubt. If after considering all the evidence in this case if you have an abiding conviction of the truth of the charge, then I would tell you that you are convinced beyond a reasonable doubt and it would be your duty to convict the Defendant. The reasonable doubt which entitles an accused to an acquittal again is not a mere vague or speculative doubt, but a reasonable doubt arising from the evidence and remaining after careful consideration of the testimony. Such a reasonable doubt as fair-minded conscientious men and women would entertain under all the facts and circumstances again which you heard in this case.
 "I will tell you that the State is not required to convince you of the Defendant's guilt beyond all doubt, but simply beyond all reasonable doubt. But if after comparing and considering all the evidence in this case, if your minds are left in such a condition that you cannot say that you have an abiding conviction and to a moral certainty of the guilt of the Defendant, then you are not convinced beyond a reasonable doubt and the Defendant would be entitled to an acquittal at your hands. Some judges simply state that a reasonable doubt is the doubt that would be entertained by a reasonable person or the doubt for which a reasonable person could give you a good reason for having.
 "Several times I have used the terms beyond a reasonable doubt and to a moral *Page 225 
certainty. And I feel reasonably sure that I will use those terms again. Therefore, I would tell you that if you prove a person guilty beyond a reasonable doubt, you have proven that person guilty to a moral certainty because the terms are synonymous. They mean the same thing."
This court has consistently held that a trial court's oral charge to the jury must be viewed in its entirety and not in "bits and pieces." Parks v. State, 565 So.2d 1265 (Ala.Cr.App. 1990); Williams v. State, 538 So.2d 1250 (Ala.Cr.App. 1988);Lambeth v. State, 380 So.2d 923 (Ala.), on remand,380 So.2d 925 (Ala.Cr.App. 1979), writ denied, 380 So.2d 926 (Ala. 1980). " 'An instruction explanatory of another charge should be considered in connection therewith; and if, when considered together, they assert a correct proposition, the judgment will not be reversed, through the explanatory charge, as a separate and disconnected instruction, may not express all the elements of the proposition.' " Williams, 538 So.2d at 1252. We are of the opinion that Judge McRae correctly charged the jury on reasonable doubt and only used the phrase "substantial doubt" once as a way of explaining reasonable doubt. Thus, no error has occurred.
AFFIRMED.
All the Judges concur.