On Application for Rehearing
 

 WELCH, Judge.
 

 The opinion released on June 25, 2010, is withdrawn and the following opinion is substituted therefor.
 

 Wesley Little was convicted of possession of a firearm after it has been altered in violation of § 13A-11-64, Ala.Code 1975. The trial court sentenced Little to a term of seven years’ imprisonment and ordered Little to pay a $500 fine and a $250 assessment to the Crime Victims Compensation Fund. Little filed a motion for a new trial,
 
 *140
 
 which was denied by operation of law. This appeal followed.
 

 Little does not challenge the sufficiency of the evidence; therefore, only a brief recitation of the facts is necessary. The following evidence was presented at trial. In February 2008, Little was working as a police officer for the Huntsville Police Department and was being investigated by the police department’s internal affairs division for several violations of police procedure.
 

 In December 2007, Little had responded to an officer-needs-assistance call on Calvary Street because an individual had run from another officer into a shot house. Little and another police officer knocked on the door, and a man opened the door. Little asked to speak with “Bay Boy,” the owner of the house. (R. 278.) Several police officers then entered the house because there were a lot of people inside. Little found a pistol under a bed; the serial number had been removed.
 

 According to Little’s statement to law-enforcement officials, Little told Officer Joe German, who was on the scene, what had happened, and Officer German stated, “ ‘I’m very familiar with Bay Boy and he is familiar with me.’ ” (R. 279.) Officer Ger-man then told Little, “ ‘You do whatever you want, but if you ever need any info he will give it to you.’ ” (R. 279.) Little warned Bay Boy that he could put him in jail but that he would not do it that night. Little then put the gun in the trunk of his patrol car and stated that he then forgot about the weapon for two weeks. Little told police investigators that when he realized that he had not turned in the weapon, he did not know what to do because he would get himself and other officers in trouble if he turned the weapon in.
 

 As part of the Community Oriented Policing Program (“COPP”), the Huntsville Police Department inspects officers’ patrol cars for equipment functionality and for cleanliness. In connection with the investigation for violations of police-department policy, the investigators found a loaded gun, without a serial number, in a nylon bag in the trunk of Little’s patrol car. Officer Randy Owens with the Huntsville Police Department testified that the gun was in the left quarter panel of the trunk of the patrol car, but it did not appear to be hidden. In addition: hanging scales; digital scales; a boot knife; road flares, which are not issued by the police department; and a set of brass knuckles were found in Little’s patrol vehicle. Police also found several driver’s licenses and one credit card in Little’s police car, none of which belonged to Little.
 

 Because the serial number on the gun had been removed, police department policy required the gun to be recorded on an evidence-custody sheet. The evidence-custody sheet and the gun, in accordance with police department policy, should have been turned into the records room and the property room, respectively. Regardless of whether charges were brought in relation to the gun, the Huntsville Police Department required that the incident be documented in an Alabama Uniform Incident Offense Report. However, law-enforcement officers were unable to locate an evidence-custody sheet pertaining to the weapon or an Alabama Uniform Incident Offense Report connected with the weapon.
 

 Initially, Little told police investigators that the gun belonged to his grandfather and that he carried it for sentimental purposes. Later, Little recanted his statement and told the investigators that he recovered the weapon at the house on Calvary Street and that he failed to turn it in because he was afraid doing so would precipitate disciplinary action against himself and another officer.
 

 
 *141
 
 On appeal, Little argues that the trial court erred in instructing the jury on the offense of possession of a firearm after the firearm had been altered in violation of § 13A-11-64, Ala.Code 1975. Specifically, Little argues that the trial court’s instruction that Little would be guilty if he “used” the weapon or “concealed” the weapon was erroneous.
 

 Section ISA-11-64, Ala.Code 1975, provides:
 

 “A person who either:
 

 “(1) Changes, alters, removes, or obliterates the name of the maker, model, manufacturer’s number or other mark or identification of any firearm, or
 

 “(2) Possesses, obtains, receives, sells, or uses a firearm after the maker, model, manufacturer’s number or other mark or identification has been changed, altered, removed, or obliterated, is guilty of a Class C felony.”
 

 Little was charged in Count 2 of the indictment as follows:
 

 “Count 2
 

 “The Grand Jury of said County charge, that before the finding of this Indictment, WESLEY LITTLE, whose name is unknown to the Grand Jury other than as stated, did intentionally possess, obtain, receive, sell or use a firearm, to-wit: a .38 Smith & Wesson revolver, after the maker, model, manufacturer’s number or other mark or identification had been changed, altered, removed, or obliterated, in violation of Section 13A-11-64 of the CODE OF ALABAMA, against the peace and dignity of the State of Alabama.”
 

 (C. 6.)
 

 In
 
 State v. Self,
 
 492 So.2d 319 (Ala.Crim.App.1986), this Court held that the legislature did not intend for § 13A-11-64 to be a strict-liability statute and interpreted the statute as follows:
 

 “[W]e believe a criminal intent should be incorporated into § 13A-11-64 because the modern trend among other non-federal enactments on the subject is to require some type of mens rea .... [W]e believe the degree of culpability required for the commission of an offense under § 13A-11-64(1) should comport with the statutory purpose, i.e., that a person who
 

 “ ‘(1)
 
 willfully,
 
 changes, alters, removes, or obliterates the name of the maker, model, manufacturer’s number or other mark or identification of any firearm,
 
 with intent to conceal or misrepresent the identity
 
 of the firearm’
 

 “is guilty of a Class C felony.
 

 “Similarly because the goal of § 13A-11-64(2) is to prohibit the
 
 criminal possession,
 
 etc., of a firearm whose identifying marks have been obliterated, and because this objective is equivalent to the purpose of the VIN falsification provisions of § 32-8-86, we believe the mental state required for
 
 criminal
 
 possession, etc., should reflect the statute’s goal,
 
 ie.,
 
 that a person who
 

 “ ‘(2) possesses, obtains, receives, sells, or uses a firearm
 
 with knowledge
 
 that the maker, model, manufacturer’s number or other mark or identification has been changed, altered, removed or obliterated
 
 and with intent to conceal or misrepresent the identity of the firearm’
 

 “is guilty of a Class C felony.”
 

 State v. Self,
 
 492 So.2d at 323.
 

 At the close of all the evidence, the trial court charged the jury three times. Before the trial court recharged the jury for the third and final time, the trial court conducted a pre-charge conference. The trial court stated:
 

 
 *142
 
 “THE COURT: If a person innocently possesses this firearm they’re not guilty of this offense.
 

 “If they come into possession of the firearm and they have no unlawful intent to use this firearm, they’re not guilty of this offense.
 

 “If they possess this firearm and they have the intent to use it, conceal it, misrepresent it, do something unlawful with it, then they’re guilty of this offense.
 

 “MR. GLADDEN [defense counsel]: But what this is saying is intent to conceal or misrepresent the identity.
 

 “THE COURT: All right.
 

 “MR. GLADDEN: And the way that is going to read is to conceal a weapon.
 

 “THE COURT: Right.
 

 [[Image here]]
 

 “THE COURT: And that’s what I said just a moment ago. That’s why I think that, first of all, this is not a statutory interpretation. This case attempts to set forth the legislative intent as it relates to the statute, never went any further than the Court of Criminal Appeals.
 

 “The cases that have been presented to the appellate courts are such that a definition of this nature would be acceptable in that someone is robbing a convenience store or using the firearm in a homicide and there’s a question about the use of that firearm.
 

 “There are no cases that are fact specific as what we have....
 

 [[Image here]]
 

 “THE COURT: So I’m not — I really want to make certain and have given great thought to not commenting on the evidence, but I think that they need to understand.
 

 “We can’t crack open any defendant’s head to determine what his intent was. They have to decide that from the evidence. And if his intent was innocent or accidental or not unlawful he’s not guilty. But if his intent was to use it, conceal it, misrepresent it or use it for an unlawful purpose, and they believe that beyond a reasonable doubt, then he’s committed this offense. And I’ll hear you out but—
 

 “MR. GLADDEN: No. That’s— when you say ‘use it, conceal it,’ that’s not what this case,
 
 [State
 
 v.]
 
 Self
 
 [492 So.2d 319 (Ala.Crim.App.1986),] case says. It says, conceal the identity, not conceal the gun. Okay.
 

 “And what I am saying is that by giving them a recharge in the manner that I see that it looks like it’s going to be coming, it’s going to sound like that if it were in his trunk and out of sight it would be concealed; therefore, he’s guilty.
 

 “THE COURT: If it’s in his trunk and he intends — and it wasn’t there accidentally or innocently. His testimony was he knew it was there, he just didn’t know what to do with it.
 

 “MR. GLADDEN: Right.
 

 “THE COURT: Okay. If he believes — if they believe that, if they believe it was there for an innocent purpose, I think we’re all in agreement, that he’s not guilty of this offense. Do you concede that?
 

 “MR. RIZZARDI [prosecutor]: I concede that. But, Judge, in my closing argument, I still believe that—
 

 “THE COURT: But if they believe that it was there for some other purpose.
 

 [[Image here]]
 

 “THE COURT: Okay. No doubt. Okay. I’m going to make — I’m going to
 
 *143
 
 give my charge then you can make your exceptions for the record.”
 
 [1]
 

 (R. 569-573.)
 

 After the charge conference, the trial court charged the jury as follows:
 

 “In order for a person to be guilty of possession of an altered firearm there are two elements. The first one the Defense concedes, no doubt about it. Okay. But I’ll go over it with you again.
 

 “A person commits the offense of possession of an altered firearm, element number one, if he possesses, obtains, receives, sells or uses a firearm with knowledge that the make, model, manufacturer’s number or other mark or identification has been changed, altered, removed or obliterated.
 

 “Conceded in this case. That element’s proven. Okay. No issue with that.
 

 “The second element is what we’ve been discussing. Okay. The second element is this — in order for the State to convict they must prove the first element, which is conceded, and the second element beyond a reasonable doubt. And the second element is this: that the person possessed this altered firearm
 
 with the intent to use it, conceal it, or misrepresent the identity of the firearm.
 

 “Conceal means to hide or keep a secret from.
 

 “Misrepresent means to give a false or misleading representation of.
 

 “To use it or to conceal it or misrepresent the identity of the firearm.
 

 “Now, I can’t help you with the facts. I can only instruct you as to the law. We talked before about the fact that a person’s — you cannot crack open a person’s head and determine what their intent was. That intent, in sum and substance, is a state of mind, a state of mental purpose, and is usually incapable of direct proof. Intent may be inferred from attendant circumstances as you find them to be from the evidence.
 

 “If you find that [Little] innocently or accidentally possessed this firearm then you do not find the intent to conceal or misrepresent the identity of the firearm or use the firearm then the [Little] is not guilty.
 

 “If you find and are convinced beyond a reasonable doubt by the evidence that [Little] had the intent to use or conceal or misrepresent the identity of the firearm and you are convinced beyond a reasonable doubt, then it would be your duty to convict [Little] of this offense, possession of an altered firearm.”
 

 (R. 577-580.)(Emphasis added.)
 

 It is well settled that
 

 “ ‘ “[a] trial court has broad discretion in formulating its jury instructions, provided] those instructions accurately reflect the law and the facts of the case.
 
 Raper v. State,
 
 584 So.2d 544 (Ala.Cr.App.1991). We do not review a jury instruction in isolation, but must consider the instruction as a whole,
 
 Stewart v. State,
 
 601 So.2d 491 (Ala.Cr.App.1992), aff'd in relevant part, 659 So.2d 122 (Ala.1993), and we must evaluate instructions like a reasonable juror may have interpreted them.
 
 Francis v. Franklin,
 
 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985);
 
 Stewart v. State.”
 
 ’
 

 “Griffin v. State,
 
 790 So.2d 267, 332 (Ala.Crim.App.1999), quoting
 
 Ingram v. State,
 
 779 So.2d 1225, 1258 (Ala.Crim.App.1999). ‘This court has consistently held that a trial court’s oral charge to the jury must be viewed in its entirety
 
 *144
 
 and not in “bits and pieces.”
 
 Parks v. State,
 
 565 So.2d 1265 (Ala.Cr.App.1990);
 
 Williams v. State,
 
 538 So.2d 1250 (Ala.Cr.App.1988);
 
 Lambeth v. State,
 
 380 So.2d 923 (Ala.), on remand, 380 So.2d 925 (Ala.Cr.App.1979), writ denied, 380 So.2d 926 (Ala.1980).’
 
 Smith v. State,
 
 585 So.2d 223, 225 (Ala.Crim.App.1991).”
 

 Smith v. State,
 
 908 So.2d 273, 295 (Ala.Crim.App.2000).
 

 However, the trial judge incorrectly instructed the jury in this case. Under the formulation set out in
 
 State v. Self,
 
 the State was required to prove that Little’s possession or use of the weapon was with the intent to misrepresent the identity of the firearm. The State did not have to prove that Little intended to use or to conceal the weapon.
 

 The trial court’s charge did not include this element and separated the use or concealment of the weapon from the intent to misrepresent the identity of the firearm in that use or concealment. Thus, the jury could have convicted Little on proof that he concealed the firearm without considering whether he had the intent to misrepresent the identity of the firearm when he concealed it.
 

 In addition, the trial court instructed the jury that concealment of the firearm was one of the actions prohibited by the statute. The statute forbids one who “possesses, obtains, receives, sells, or uses a firearm” which has had its identity altered. The legislature did not prohibit the concealment of such a firearm.
 

 Because
 
 State v. Self
 
 set out the elements of this offense, the trial judge should have used that formulation in her charge to the jury. This charge would be followed by the pattern-jury-charge definitions of “knowingly” and “intent.”
 

 For the reasons set forth above, the judgment of the trial court is due to be reversed and this cause remanded for a new trial.
 

 APPLICATION OVERRULED; OPINION OF JUNE 25, 2010, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . Little preserved this argument for appellate review. (581-82.)