Gregory Saffold was indicted for murder and also theft in the first degree in violation of §§ 13A-6-2 and 13A-8-3, Code of Alabama 175. The jury found this appellant "guilty as charged" as to each count and, following a sentencing hearing, the trial court sentenced the appellant to life imprisonment on the murder charge and 10 years' imprisonment on the theft charge.
The appellant does not challenge the weight and sufficiency of the evidence. We, therefore, pretermit a lengthy discussion of the facts and circumstances surrounding this incident. The facts of this case are not in dispute as the appellant admits the killing of his ex-wife, Betty Saffold. The facts briefly stated are as follows:
On April 15, 1983, Betty Saffold met her ex-husband, the appellant, at a nightclub in Calera, Alabama. They spent that night together in a hotel in Calera. The next morning they drove to Pelham, Alabama, stopped at a washateria to wash the appellant's clothes and then began driving south down Interstate 65. They then drove into Coosa County to a spot along Hatchett Creek where they stopped "to talk". Appellant stated that, all during this day, he and Betty had been drinking and smoking marijuana. The appellant asked Betty if she had been dating several individuals and then if she had been to see her second husband. When Betty responded that she had been seeing these people, they began to argue and fight. The appellant stated that he slapped Betty and that they began hitting each other. He then dragged her out of the car, tearing her blouse off as he did so. He hit her again, knocking her to the ground. As she lay on the ground, he *Page 807 
kicked her and turned back to the car to get a "tire tool" which was lying on the floorboard of the car. He picked up the "tire tool" and turned back around, at which time Betty was coming toward him. He then struck her in the head a number of times with the "tire tool" which apparently killed her. The appellant picked Betty up and took her into a ravine beside the road, took her identification and left her body there. The appellant then drove the victim's car to Kansas where he sold it to a junk dealer.
 I
The appellant contends that the trial court erred in allowing the State to introduce into evidence a photograph which was taken of the appellant at the time of his arrest. The appellant objected to this photograph at trial, assigning as grounds for the objection that such photograph was cumulative and prejudicial. On appeal he argues that such photograph was "less than flattering" and irrelevant, thus prejudicial to him.
It is well settled that all grounds of objection not specified are waived and that the trial court will not be placed in error on grounds not raised at trial. Blackmon v. State, 449 So.2d 1264
(Ala.Crim.App. 1984); Hughes v. State, 412 So.2d 296
(Ala.Crim.App. 1982); Wyrick v. State, 409 So.2d 969
(Ala.Crim.App. 1981); C Gamble, McElroy's Alabama Evidence, § 426.01 (11) (3rd. ed. 1977).
In this cause there was no objection that the State was attempting to introduce irrelevant matter as is alleged by appellant. As a result, the appellant has failed to preserve this issue for review.
Moreover, the admissibility of photographs into evidence is within the trial court's discretion and will be reviewed only to determine whether there has been an abuse of such discretion.Barnes v. State, 445 So.2d 995 (Ala.Crim.App. 1984). Our review of the record reveals no such abuse. Smarr v. State, 260 Ala. 30,68 So.2d 6 (1953); Brodka v. State, 53 Ala. App. 125, 298 So.2d 55
(1974).
 II
The appellant contends that the trial court abused its discretion in overruling the appellant's objection to the State's use of the reasonable man standard during closing arguments. He argues that such was highly prejudicial and a misstatement of the law.
The portion of the State's closing argument to which the appellant objects is as follows: (R. 378-381).
 "You're also going to hear the Judge talk about legal provocation or heat of passion in a reasonable man.
 "And think about that you've also got to remember this, that when you go back there and weigh the evidence in this case, it's what a reasonable man and not what Greg Saffold subjectively did, said, or thought; but a reasonable man. Would a reasonable man, somebody asked this question back there, would a reasonable man slap someone on the ground, kick her. Would a reasonable man have grabbed that tire iron and not known what he was going to do to somebody's head? And if you look at that, ladies and gentlemen, it don't matter how much sympathy for a man or how much pride or what he's told you or anything else. If you look at that standard and ask that one question, there's not one of you that can say a reasonable man could take that tire iron and knock a woman down and kick her, and not know what he was fixing to do with it. Think about it.
 "You are going to get a chance to feel that tire iron and you're going to get a chance to see these photographs and see what happened. And the question is: Would a reasonable man have legal provocation? I submit to you that a reasonable man would not. I also submit to you that Greg Saffold was not a reasonable man. Greg Saffold is a liar. He is a thief by his own confession. He's a man who understood very well what he *Page 808 
had done. And you say, "Why do you say that, Mr. Hill?"
 "One, he did that to her, and no reasonable man would have taken a tire iron on somebody that's on the ground, and ran to the car and got it and not know what they would have done. Secondly, he hid her body. Three, he threw the weapon away. But more importantly than that he took her driver's license. Now, here's a man on the one hand that's got all these drugs and dope and alcohol and passion and hot bloodedness and all of this other stuff and it supposedly stripped him of his ability to reason. Yet he is reasonable enough to dispose of the body, get the identification, dispose of the weapon, take the car, drive up the road and dispose of some other evidence.
 "Would a reasonable man be so in loss of his mental capabilities that he would not understand what that tire iron would do, yet he would have the mental capabilities to do all of these other things?"
As a general rule, the prosecutor may state or comment, draw proper inferences and present his conclusion from the evidence based upon his own reasoning. Sanders v. State, 423 So.2d 348
(Ala.Crim.App. 1982); Hayes v. State, 395 So.2d 127
(Ala.Crim.App. 1980), cert. denied, 395 So.2d 150 (Ala. 1981);Liner v. State, 350 So.2d 760 (Ala.Crim.App. 1977). Furthermore, control of closing arguments rests in the broad discretion of the trial judge and, where no abuse of discretion is found, there is no error. Thomas v. State, 440 So.2d 1216 (Ala.Crim.App. 1983);Robinson v. State, 439 So.2d 1328 (Ala.Crim.App. 1983); Elston v.State, 56 Ala. App. 299, 321 So.2d 264 (1975). The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Hurst v. State, 397 So.2d 203
(Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981); Garrettv. State, 268 Ala. 299, 105 So.2d 541 (1958).
After a thorough review of the record on this point and of the authorities above, we cannot say that the trial court abused its discretion in overruling the appellant's objection as noted. The prosecutor was arguing proper inferences drawn on the evidence elicited at trial and on the reasonable man standard. The question at this point of the proceedings was whether the appellant was guilty of murder or of the lesser included offense of manslaughter. The trial court charged the jury on the reasonable man standard involved with legal provocation for a lesser included offense of manslaughter. Thus, we find no error on this point.
After a thorough review of this record, we find no error. The judgment below is, hereby, affirmed.
AFFIRMED.
All the Judges concur.