PATTERSON, Judge.
Appellant Donnie Lee was convicted on October 8, 1986, for the offense of sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975 (Case No. CC-86-25), and for the offense of rape in the first degree, in violation of § 13A-6-61(a)(3) (Case No. CC-86-28). In the sodomy case, he was charged with engaging in deviate sexual intercourse with his step-daughter S.M., she being less than twelve years of age and he being over sixteen. In the rape case, he was charged with engaging in sexual intercourse with the same child. For the sodomy conviction, he was sentenced to 30 years’ imprisonment and ordered to pay $10,000 to the Alabama Crime Victims Compensation Fund, and for the rape conviction, he was sentenced to life imprisonment and ordered to pay $10,000 to the Alabama Crime Victims Compensation Fund. The sentences were ordered to run consecutively.
Appellant Cindy Lee was convicted on October 8, 1986, for the offense of sodomy in the first degree, in violation of § 13A-6-63 (Case No. CC-86-22). She was charged with engaging in deviate sexual intercourse with her daughter, S.M., who was less than twelve years of age, while she was over sixteen. She was sentenced to 30 years’ imprisonment and ordered to pay $10,000 to the Alabama Crime Victims Compensation Fund. This appellant was also tried on sodomy charges involving another daughter, but was acquitted on those charges.
In the consolidated trial of both appellants, the state’s evidence showed that appellants engaged in group deviate sex acts with their minor daughters, aged six and four. The state’s evidence also showed *1151 that Donnie Lee attempted sexual intercourse with daughter S.M. on one occasion. Cindy Lee denied the charges. Donnie Lee did not testify.
Appellants raise numerous issues on appeal; however, we need address only two.
I
Donnie Lee contends that the trial court committed reversible error by overruling his objections to the testimony of Martha Salter, a deputy sheriff, and Sally Ussury, an employee of the Alabama Department of Human Resources. Salter and Ussury, as part of their pre-trial investigation of the charges, interviewed the two children involved. After the two children had testified at trial, the prosecuting attorney called Salter and Ussury as witnesses and proceeded to question them as to what the two children had told them in the interviews. Both appellants objected to this testimony on the ground that it was inadmissible hearsay; however, the trial court overruled their objections and permitted the witnesses to testify, in detail, as to what the children had told them concerning the alleged sexual activity that had occurred between them and their mother and stepfather. The questioned testimony of Salter and Ussury is obviously not a complaint by the victims, a spontaneous exclamation, or part of the res gestae, nor is any contention made in this regard. Rather, the testimony was clearly offered by the state to bolster the testimony of the two children, for the truth of their assertions. It was inadmissible hearsay, and its admission constituted reversible error. Ex parte Anonymous, 502 So.2d 1215 (Ala.1987). The state suggests, in its brief, that if the admission were error, it was error without injury. We do not agree. The erroneous hearsay testimony probably influenced the jury and, thus, adversely affected the substantial rights of appellants. A.R.A.P. 45.
II
Donnie Lee contends that the trial court committed reversible error by refusing to instruct the jury that incest is a lesser included offense of rape.
Appellant was indicted for a violation of § 13A-6-61, which reads:
“(a) A male commits the crime of rape in the first degree if:
“(1) ....
“(2) ....
“(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.”
“(b) Rape in the first degree is a Class A felony.”
The crime of incest, as it relates to the facts of this case, is described by the following portion of § 13A-13-3:
“(a) A person commits incest if he ... engages in sexual intercourse with a person he knows to be, either legitimately or illegitimately:
“(1) ....
“(2) ....
“(3) His stepchild or stepparent, while the marriage creating the relationship exists; or “(4) ....
“(b) A person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed.
“(c) Incest is a Class C felony.”
Section 13A-1-9, defining lesser included offenses is as follows:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
“(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
*1152 “(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.”
The question before us is whether incest is a lesser included offense of rape under § 13A-1-9. In applying subsection (1) of the lesser included offense statute to the criminal statutes involved here, as the Alabama Supreme Court did in Ex parte Jordan, 486 So.2d 485 (Ala.1986), the issue is: Can all or fewer than all of these facts establishing the commission of rape also establish the commission of incest? Clearly, they cannot. The crime of incest, like rape, requires proof of sexual intercourse; however, incest requires proof of additional elements not required in rape: (1) that the victim was related to the defendant within the prohibited degree of consanguinity or that there existed a familial relationship falling within the statute prohibiting marriage or sexual intercourse; (2) that the defendant knew the victim was so related to him at the time of the marriage or sexual intercourse; (3) that, if the victim were a step-child of the defendant, the marriage creating the relationship must be shown to exist at the time of the marriage or sexual intercourse; and (4) that the testimony of the victim must be corroborated in order to support a conviction. Taking into consideration all the facts required to establish the crime of rape, or the facts establishing rape in the instant case, we find that they are clearly insufficient to establish several of the essential elements and facts necessary to prove a prima facie case of incest. Hence, under subsection (1), incest is not a lesser included offense of rape.
Clearly, subsection (2) of the lesser included offense statute does not apply to the instant case. Subsection (3), likewise, does not apply; clearly, incest has not been specifically designated by statute as a lesser degree of the offense of rape. The offenses differ materially in their ingredients, and penalization of these offenses aims at different evils. The incest statute is directed at offenses against the family. See Commentary, § 13A-13-3. One of several purposes of the incest statute is “to protect persons of any age from marriage, cohabitation or sexual intercourse with individuals to whom they are related.” Pounds v. United States, 529 A.2d 791, 797 (D.C.App.1987). In determining the applicability of subsection (4) to the instant case, we conclude that incest does not differ from rape only in that it requires a less serious injury to establish its commission. Accordingly, subsection (4) does not apply. While we noted above that the statutes are aimed at different evils, we further note that each offense requires the perpetration of essentially the same physical action against the victim. We cannot conclude that the injury inflicted by an incestuous encounter is not less serious than that inflicted during a rape. We further find that incest does not require a lesser kind of culpability to establish its commission.
For the above reasons, we hold that incest is a separate and distinct offense and not one of a lesser degree of rape, with which Donnie Lee was charged. Thus, we hold that the trial court’s refusal to instruct the jury that incest is a lesser included offense of rape was proper.
We choose not to address the other issues raised by appellants. We either find no merit in them or they are unlikely to arise again in a new trial.
Both convictions are due to be reversed and the cases remanded for the reasons stated in part I above.
REVERSED AND REMANDED.
All Judges concur except McMILLAN, J., who dissents with opinion.