In May 1987, the appellant was indicted by a Mobile County grand jury for the sale of marijuana, in violation of §20-2-70, Code of Alabama (1975). In January 1988, the appellant was found guilty in a jury trial, and was fined $1,000.00. Upon completion of a presentence investigation, the appellant was also sentenced to a term of ten years' imprisonment in the State penitentiary. *Page 627 
 I.
The appellant first alleges that the trial court erred in charging the jury, in pertinent part, that "all witnesses who take the stand in a court of law are presumed to testify truthfully."
The trial court's oral charge, as it pertains to the credibility of witnesses, states in full as follows:
 "The law says that all witnesses who take the stand in a court of law are presumed to testify truthfully and that you have a duty if at all possible to reconcile their testimony. If you can't do that, then your duty is to find the facts. And, of course, in so doing you may accept or reject any portion of the testimony of any witness in the case. "In determining what the facts are you may consider any natural interest or bias that a witness may have as a result of any connection with the case. You may consider the demeanor of the witness on the witness stand as to whether or not the witness has apparently testified frankly or evasively. You may consider the opportunity of the witnesses to know or to observe the facts about which they testify. And you should use your good common sense in finding the facts.
 "The law also provides that if you believe that a witness has deliberately sworn falsely as to a material fact in the case you may, if you wish, disregard that witness's entire testimony. This principle would not apply if you believe that a witness simply made any honest mistake in his or her testimony, only if you believe that the witness deliberately swore falsely and only then as to a material fact in the case."
Initially, we agree with the appellant's argument that the portion of the trial court's charge now in issue is an incorrect statement of law and is error. "In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses.Harris v. State, 22 Ala. App. 121, 113 So. 318 (1927); Foster v.State, 37 Ala. App. 213, 66 So.2d 204 (1953)." Williams v.State, 520 So.2d 179, 181 (Ala.Cr.App. 1987).
However, Rule 45, A.R.App.P., states, in pertinent part, as follows:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
In Williams v. State, 538 So.2d 1250 (Ala.Cr.App. 1988), this Court addressed facts nearly identical to those of the case subjudice. In that case, the trial judge instructed the jury, in part, that "all witnesses are presumed to speak the truth." Although we found the court's charge to be erroneous, we held the error was harmless because the court had made it clear that the presumption of truthfulness applied to all witnesses, including the defendant, and because the court's further instruction as to the credibility of witnesses remedied any error that otherwise existed. " '[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly.' Harris v. State, 412 So.2d 1278, 1281
(Ala.Cr.App. 1982)." Id., at 1253.
The trial court's instructions to the jury as to the credibility of witnesses, when viewed in their entirety, presented the case properly. For example, the court charged the jury to reconcile the witnesses' testimony if this was possible, and, if it was not possible, to determine what testimony was truthful. The court also advised the jury that it could accept or reject any portion of the testimony of any witness in this case, and that it should consider the defendant's testimony as it would "that of any other witness in the case." For this reason, we find the error to be harmless and we hold that it did not prejudice the appellant. See,Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460
(1986). *Page 628 
 II.
The appellant next contends that the trial court erred by limiting certain comments concerning the credibility of Nora Lisa Creel, the State's chief witness, made by his attorney during closing argument.
The record indicates that the following occurred during the appellant's closing argument:
"MR. CLARK: Let me put it to you like this:
 If Lisa Creel — We've got a case where we have one witness, Lisa Creel. She came in and testified, because without Lisa Creel there is no, they have no case at all. The prosecutor does not have a case. So the prosecutor is asking you to rely on Lisa Creel only beyond a reasonable doubt and to a moral certainity [sic]. I'll put it to you like this. You know, would you put everyday business affairs on Lisa Creel? Let's say that Ms. Creel worked for Mini Maids of Mobile and one morning she got up and knocked on your door and she said, 'Mr. or Mrs. Juror, I'm a maid, I work for Mini Maids and I've come to clean your house.' Would you leave everything that you owned, all your jewelry —
 "MR. JORDAN: Judge, we're getting into an area that Mr. Clark knows is improper to start putting the jury in the place —
 "MR. CLARK: No, sir, Judge, I'm not putting them in the place I'm asking them —
"MR. JORDAN: That's improper.
"MR. CLARK: No, sir, Judge.
 "THE COURT: Well I think you are and I think you'd better couch it in different terms."
This court has held:
 "[C]ontrol of closing arguments rests in the broad discretion of the trial court and, where no abuse of discretion is found, there is no error. Thomas v. State, 440 So.2d 1216
(Ala.Crim.App. 1983); Robinson v. State, 439 So.2d 1328
(Ala.Crim.App. 1983); Elston v. State, 56 Ala. App. 299, 321 So.2d 264 (1975). The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Hurst v. State, 397 So.2d 203 (Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981); Garrett v. State, 268 Ala. 299, 105 So.2d 541 (1958)."
Saffold v. State, 485 So.2d 806, 808 (Ala.Cr.App. 1986).
In the present case, counsel's comments were clearly intended to characterize Ms. Creel as a thief. As we do not believe that such an inference can be legitimately drawn from the facts in evidence, we conclude that the court did not abuse its discretion in sustaining the State's objection to the comments.Brown v. State, 374 So.2d 391 (Ala. Cr. App), affirmed,374 So.2d 395 (Ala. 1979). Moreover, we note that the trial court merely instructed counsel to couch his argument in different terms, not to abandon it altogether. Counsel was not, for example, prohibited from commenting on the evidence that Ms. Creel had in the past issued worthless checks, some of which had been redeemed, although he apparently chose not to do so.
 III.
The appellant contends that the trial court erred by permitting the prosecutor in closing argument to refer to his own knowledge and experience regarding the execution of a search warrant.
The record indicates that the following occurred during the State's closing argument:
 "MR. JORDAN: I've gone out on one search warrant one time and was scared to death. First you have to go up to a house that's got boards and barricades over it, not knowing who's inside.
 "MR. CLARK: Judge, [I object] to this line of argument. It has nothing to do with this trial. There's nothing in evidence about him going out on some search warrant.
"THE COURT: Overruled."
We have written previously:
 "This court has held on many occasions that in order to determine whether *Page 629 
a statement of the prosecutor was improper, 'it must be examined in its context and in light of what had transpired, that is, in light of the preceding argument of defense counsel, to which the prosecutor's argument was an answer.' The rule in Alabama is that 'remarks or comments of the prosecuting attorney, including those which might otherwise be improper, are not grounds for reversal when they are invited, provoked, or occasioned by accused's counsel and are in reply to retaliation for his acts and statements.' "
Henderson v. State, 460 So.2d 331, 333 (Ala.Cr.App. 1984) (citations omitted).
In his closing argument, appellant's counsel attempted to portray Ms. Creel as dishonest, unreliable, and undependable. In response, the State attempted to show that Ms. Creel's work as an undercover agent was difficult and dangerous and that she was successful in her work and highly reliable. See La Fave,Search and Seizure, (2d ed. 1987), § 3.3(b). In doing so, the prosecutor referred to his own experience. Statements of counsel in argument must be viewed as having been made in the heat of debate and must be valued at their true worth. Orr v.State, 462 So.2d 1013 (Ala.Cr.App. 1984). Moreover, "control of closing arguments rests in the broad discretion of the trial court and, where no abuse of discretion is found, there is not error." Saffold, supra, at 808.
Although appellant argues that the jury could have readily inferred from the prosecutor's statement that, as the subject of undercover work, the appellant is the type of person who would reside in a house with "boards and barricades," and was therefore a "dangerous man" whom law enforcement officers "are scared to death of," the record does not support such a conclusion. The prosecutor's comments did not prejudice the appellant, and the trial court did not abuse its discretion by allowing them.
 IV.
Finally, the appellant argues that the trial court erred in allowing Deputy Jim Long of the Mobile County Sheriff's Department, who supervised the work of Ms. Creel, to testify as follows:
 "I'd say life threatening situations have certainly developed in the investigation of drug cases, whether they be undercover work or simply investigations of the individuals who are transacting the illegal narcotics."
Appellant argues that this testimony was irrelevant to the issues raised at trial.
The admissibility of evidence that has been challenged as irrelevant and remote in a criminal prosecution is within the sound discretion of the trial judge. Primm v. State,473 So.2d 1149 (Ala.Cr.App. 1985). What is relevant is a matter ordinarily within the discretion of the trial judge, and, unless that discretion is abused, a ruling regarding relevancy will not be considered error. Dawkins v. State, 455 So.2d 220
(Ala.Cr.App. 1984); Wicker v. State, 433 So.2d 1190
(Ala.Cr.App. 1983).
During his cross-examination of Ms. Creel, the appellant's attorney strongly inferred that Creel had a strong incentive to make as many cases, valid or otherwise, for the sheriff's department as possible. For example, counsel contended that Creel was desperate financially, and that the sheriff's department paid her on a case-by-case basis. Counsel also suggested that Creel had several outstanding worthless checks, but that she had not been prosecuted because she was helping a law enforcement agency.
As stated in the previous section, testimony concerning the dangers of undercover work was relevant to establish the reliability of Lisa Creel, an informant who was working as an undercover agent. See La Fave, Search and Seizure (2d ed. 1987), § 3.3(b). Furthermore, because defense counsel had previously attempted to impeach Lisa Creel as a witness, the State could properly attempt to rehabilitate her witness.
 "[T]here would seem to be also no doubt about the propriety of rebutting by evidence of good character, after evidence of particular instances of misconduct, by cross-examination or record of conviction. *Page 630 
The facts offered given inference as to the witness' moral character and an issue upon the character seems clearly to be opened. . . .
". . .
 ". . . [This rule] gives some protection against the insinuations of an unscrupulous cross-examiner, and does not leave the witness helpless to rebut those inferences which the jury may and do in practice make, even though in theory the rebuttal does not exactly fit the impeaching facts."
4 Wigmore, Evidence § 1106(A) (Chadbourn rev. 1972). In stating that "permitting corroboration by good character commands the support of most courts," Wigmore cites Lewis v. State, 35 Ala. 380
(1860). Cf. McCray v. State, 548 So.2d 573
(Ala.Cr.App. 1988) (wherein, although the appellant argued that the trial court erred by refusing to allow defense counsel to rehabilitate a witness who had been impeached by the prosecutor, the trial court was held to have properly disallowed the questioning because defense counsel's questions were not an attempt to prove the witness's good general reputation, but rather an attempt to impeach the informant).
Moreover, there was evidence introduced at trial that, after Lisa Creel had purchased the narcotics and turned the information and evidence over to the authorities, she was threatened by the appellant, while at a car wash. Thus, the danger of undercover work is a legitimate and relevant inference to be drawn from that evidence.
Because the testimony of Deputy Long was relevant, and because this testimony in no way prejudiced the appellant, its admission into evidence did not constitute error.
For the reasons stated above, the judgment of the trial court was correct and it is due to be affirmed.
AFFIRMED.
All Judges concur.