Defendant Donnie Lee was convicted by a Baldwin County jury of sodomy in the first degree and rape in the first degree. His co-defendant and wife, Cindy Lee, was convicted by the same jury of sodomy in the first degree. The victims were Cindy *Page 1154 
Lee's two daughters, ages four and six at the time of the offense, who were also Donnie Lee's stepdaughters. The Court of Criminal Appeals reversed the judgment entered on the conviction and overruled the State's application for rehearing.565 So.2d 1150. We reverse and remand.
The issues presented for our review are whether the trial court committed reversible error in allowing two witnesses to testify concerning statements the victims had made to them concerning the purported illegal acts of their mother and stepfather; and whether the trial court erred in its refusal to instruct the jury that incest is a lesser included offense of rape.
In the consolidated trial of the defendants, the evidence showed that both Donnie and Cindy Lee had engaged in deviate sexual behavior with Cindy Lee's two daughters and that Donnie Lee had engaged in sexual intercourse with one of the children.
At trial, one of the victims testified that both defendants had touched both children's vaginas with their mouths. She further stated that Donnie Lee had attempted to insert his penis into her vagina, but stopped because it would not fit.
Following the cross-examination of the children, the prosecution called to the witness stand Martha Salter, an officer with the Baldwin County Sheriff's Department's sexual assault unit, and Sally Ussery, an investigator with the Department of Human Resources. Over the defendants' objections, the trial court allowed both Ms. Salter and Ms. Ussery to testify as to the details of statements that had been given them by the children subsequent to the report of the assaults committed by their mother and stepfather.
In reversing the convictions, the Court of Criminal Appeals wrote that Salter and Ussery should not have been allowed to testify, because their testimony was clearly offered "by the state to bolster the testimony of the two children, for the truth of their assertions" and was, therefore, inadmissible hearsay.
In sexual offense cases, it is the general rule that testimony regarding a prosecutrix's complaint in the first instance must be confined to the mere showing of the fact that a complaint was made. Details of the occurrence are not admissible. See Lawson v. State, 377 So.2d 1115 (Ala.Cr.App. 1979), cert. denied, 377 So.2d 1121 (Ala. 1979). However, there are certain exceptions to that general rule. In Cady v. State,455 So.2d 101 (Ala.Cr.App. 1984), the Court of Criminal Appeals wrote:
 "One exception is found in the permissible introduction of evidence as to the details of the victim's complaint for the purpose of corroborating the victim's testimony on direct examination as to the details of the crime, as to which the victim has been subjected to cross-examination calculated to reflect upon her credibility as a witness."
455 So.2d at 125.
On cross-examination of one of the victims, the defendants' attorney repeatedly inquired into the substance of the conversations between the victim and Salter and Ussery, with the apparent purpose of reflecting upon the child's credibility as a witness. This brought the testimony of Salter and Ussery within the purview of the aforementioned exception to the general rule, and the trial court was correct in allowing that evidence. The Court of Criminal Appeals erred in holding it inadmissible.
We agree with the Court of Criminal Appeals that incest, under the facts of this case, is not a lesser included offense of rape and that the trial court was correct in denying the defendants a jury instruction to that effect. We adopt the language of the Court of Criminal Appeals, as if set out fully herein, with reference to this issue.
Because of its incorrect evidentiary ruling, the judgment of the Court of Criminal Appeals is reversed, and this cause is hereby remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, ADAMS and HOUSTON, JJ., concur. *Page 1155