The appellant, Robert Weaver, was convicted of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to imprisonment in the state penitentiary for a term of seven years.
The evidence tended to show that during the summer of 1986, Appellant Weaver was living in a three-bedroom trailer in Citronelle, Alabama, with his girlfriend and her two young children. The girlfriend worked from 6:00 p.m. to 6:00 a.m. at a Junior Food Store. The appellant stayed home during these hours and kept the children. The young daughter and the son slept in their own beds in separate bedrooms. The appellant shared his girlfriend's bedroom, much like a husband and wife.
Testimony by the victim, who was six years old at the time the incident occurred, established that one night during the summer of 1986, the appellant took her out of her bed and into the bedroom he shared with her mother. The victim's brother was asleep in his bedroom and her mother was at work. Appellant removed his clothing and the victim's nightgown and panties. According to the victim's testimony, he then laid her on her back, put his "private part" between her legs so that it touched her "private part," and then "started going up and down." This lasted a few minutes and ended when the victim "felt something wet" in her "private part." When the appellant finished, he took the victim back to her bed.
This exact scenario was repeated the next night and continued regularly into the fall of 1986. On December 14 or 15, 1986, the victim was at the home of Evelyn Kerr, making Christmas cards. The victim told Ms. Kerr that the appellant was "doing something bad" to her and that her back and "private part" hurt. After eliciting the details of the sexual abuse from the victim, Ms. Kerr reported the incident to the proper authorities.
The victim met with Roseanne McCaskill of the Department of Human Resources and Detective David Hill of the Mobile County Sheriff's Department to make a formal complaint of sexual abuse. McCaskill and Hill were allowed to testify at trial, over the objection of defense counsel, not merely that the victim had made a complaint of sexual abuse to them, but that the victim had identified Appellant Weaver to them as the person perpetrating the abuse.
 I
Appellant first contends that the trial court erred in permitting State's witnesses McCaskill and Hill to testify that the victim told them she had been sexually abused by the appellant.
This issue was most recently addressed by our Supreme Court in Lee v. State, 565 So.2d 1153 (Ala. 1989). This court had reversed the first-degree rape and sodomy convictions of Donnie and Cindy Lee, holding that the trial court erred in allowing a law enforcement officer and a DHR investigator to testify as to details of statements given to them by the victims, because their testimony was offered by the State to bolster the victims' testimony and for the truth of their assertions, and was, therefore, inadmissible hearsay. The Supreme Court disagreed, holding as follows: *Page 311 
 "In sexual offense cases, it is the general rule that testimony regarding a prosecutrix's complaint in the first instance must be confined to the mere showing of the fact that a complaint was made. Details of the occurrence are not admissible. See Lawson v. State, 377 So.2d 1115 (Ala.Cr.App. 1979), cert. denied, 377 So.2d 1121 (Ala. 1979). However, there are certain exceptions to that general rule. In Cady v. State, 455 So.2d 101 (Ala.Cr.App. 1984), the Court of Criminal Appeals wrote:
 " 'One exception is found in the permissible introduction of evidence as to the details of the victim's complaint for the purpose of corroborating the victim's testimony on direct examination as to the details of the crime, as to which the victim has been subjected to cross-examination calculated to reflect upon her credibility as a witness.'
"455 So.2d at 105.
 "On cross-examination of one of the victims, the defendants' attorney repeatedly inquired into the substances of the conversations between the victim and Salter and Ussery, with the apparent purpose of reflecting upon the child's credibility as a witness. This brought the testimony of Salter and Ussery within the purview of the aforementioned exception to the general rule, and the trial court was correct in allowing that evidence. The Court of Criminal Appeals erred in holding it inadmissible."
Lee v. State, supra, 565 So.2d at 1154.
Here, during cross-examination of the victim, defense counsel extensively questioned her concerning who she told about the incidents (including Hill and McCaskill) and what she told them. Defense counsel also questioned the victim concerning the timing of her complaint, i.e., why she waited so long to tell anyone. Just as in Lee, we find that defense counsel's questions were for "the apparent purpose of reflecting upon the child's credibility as a witness." Lee, 565 So.2d at 1154. Accordingly, defense counsel's actions brought the testimony of Hill and McCaskill "within the purview of the aforementioned exception to the general rule, and the trial court was correct in allowing that evidence." Id. Thus, no error occurred.
 II
Appellant next contends that the trial court erred in denying his motion for judgment of acquittal, arguing that there was no evidence presented that he was at least 16 years of age at the time the crime occurred.
This same issue was addressed in Hawkins v. State,549 So.2d 552 (Ala.Cr.App. 1989), wherein we held that although the age of the accused is a material element of the crime of sexual abuse, the accused's age may be established by either direct or circumstantial evidence. Our decision in Hawkins is in accord with that in Barnett v. State, 488 So.2d 24, 25 (Ala.Cr.App. 1986), wherein we stated:
 "There is, however, no requirement that the proof of age be established by direct evidence. 'It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age.' State v. Lauritsen, 199 Neb. 816, 819, 261 N.W.2d 755, 757 (1978); Torres v. State, 521 P.2d 386 (Alaska 1974); State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561 (1963); Ham v. State, 156 Ala. 645, 47 So. 126 (1908); Black v. Pate, 130 Ala. 514, 30 So. 434 (1900). 'Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence.' State v. Rowe, 238 A.2d 217, 222 (Me. 1968); State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); State v. Dorathy, 132 Me. 291, 170 A. 506 (1934); 2 Wigmore, Evidence § 222 (Chadbourn rev. 1979) ('Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth')."
Just as in Hawkins, we find that a reasonable inference from the evidence in the instant case supports the trial court's denial of appellant's motion for judgment of *Page 312 
acquittal on the grounds that the State failed to prove he was at least 16 years old at the time of the offense. The record reveals that at the time of the incident, the victim was 6 years old and her brother was 10. The victim's mother was divorced from her children's natural father. Appellant was living with the family and sharing the mother's bed, as a husband would. This evidence, coupled with the jury's observation of appellant's appearance at trial, supports the jury's finding that appellant was 16 years of age or older and was guilty of sexually abusing the victim.
 III
Appellant's final allegation of error is that the trial court committed reversible error when, as a part of its oral charge, it instructed the jury that "all witnesses who take the stand in a court of law are presumed under the law to speak the truth."
Appellant's contention that this was an incorrect statement of law is correct. "In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses. Harris v. State, 22 Ala. App. 121,113 So. 318 (1927); Foster v. State, 37 Ala. App. 213, 66 So.2d 204
(1953)." Williams v. State, 520 So.2d 179, 181 (Ala.Cr.App. 1987).
Our review of the record, however, reveals that this error does not require reversal of appellant's conviction. InTouart v. State, 562 So.2d 625 (Ala.Cr.App. 1989), and Williamsv. State, 538 So.2d 1250 (Ala.Cr.App. 1988), this Court addressed facts nearly identical to those in the instant case. In Touart and Williams, the jury was instructed respectively that "all witnesses who take the stand in a court of law are presumed to testify truthfully" and that "all witnesses are presumed to speak the truth." Although in each of those cases we held the trial court's charge to be erroneous, we held that the error was harmless, because, in each instance, the court's instructions concerning witness credibility, when viewed in their entirety, presented the case properly. "The fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly." Touart, supra, 562 So.2d at 627; Williams, supra, 538 So.2d at 1253; Harris v. State, 412 So.2d 1278, 1281
(Ala.Cr.App. 1982).
Just as in Touart and Williams, we find that, although the aforementioned instruction was erroneous, the court's charge in its entirety stated the correct principles of law with regard to the credibility of witnesses. For example, the trial court charged the jury, "if you cannot reasonably reconcile all of the testimony of all of the witnesses so that all of the witnesses are speaking the truth then it is your duty to consider the testimony of the witnesses with the view of determining what the true facts are." The court also advised the jury that it could accept or reject any portion of the testimony of any witnesses in this case, and that it should consider the defendant's testimony "together with all of the other evidence." Based on the foregoing, we find the error to be harmless, as it did not injuriously affect substantial rights of the appellant.
Appellant received a fair trial. Accordingly, his conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur except PATTERSON, J., who dissents without opinion.