LONG, Judge.
The appellant, D.L.S., an Alabama inmate serving a prison sentence for a 1994 conviction for incest, a violation of § 13A-13-3, Ala.Code 1975, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus, claiming that he is eligible for Class I correctional incentive time (“CIT”) earning status, that he is being improperly denied that status, and that as a result he must serve a longer sentence than would otherwise be required.
The state filed a motion to dismiss the appellant’s petition, asserting that the appellant was ineligible for Class I CIT earning status because the crime for which the appellant was convicted—incest—was a sexual offense against a child under 17 within the meaning of § 14-9-41(e), Ala.Code 1975, be *1364 cause, the state alleged, the acts underlying the appellant’s crime involved the appellant’s having forcibly engaged in sexual intercourse with his 16-year-old daughter.
Section 14-9-41(e) provides in pertinent part: “No person may be placed in Class I [CIT earning status] if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.” The appellant maintains that the legislature did not intend for this provision of § 14-9-41 (e) to apply to the crime of incest, but instead intended for the provision to apply only to those crimes designated as “sexual offenses” in chapter 6, article 4, of the Criminal Code, and incest is not among the offenses enumerated therein. See §§ 13A-6-60 through 13A-6-70, Ala.Code 1975. Incest is included in chapter 13 of the Criminal Code, which is entitled “Offenses Against the Family.” See commentary to § 13A-13-3. The appellant argues that the elements of the crime of incest differ materially from those of the crimes defined as “sexual offenses” in chapter 6, article 4, and, he says, the criminalization of incest and the criminalization of “sexual offenses” seek to prevent different evils. See Lee v. State, 565 So.2d 1150, 1152 (Ala.Cr.App.1988), rev’d on other grounds, 565 So.2d 1153 (Ala.1989).
In Hasty v. State, 615 So.2d 1323 (Ala.Cr.App.1993), this court was called upon to interpret the scope of § 14-9-41(e). In rejecting an inmate’s claim that because § 14-9-41(e) refers only to. “sexual abuse” of a child under 17, the inmate’s conviction for rape in the second degree involving a minor did not disqualify him from placement in Class I earning status, we stated:
“Clearly the legislature was using the generic term ‘sexual abuse’ [in § 1A-9-41(e) ] and did not intend to deny Class I benefits only to those offenders convicted of the offenses of sexual abuse in the first and seeond degree while awarding Class I benefits to those offenders convicted of the more serious offenses of rape and sodomy. Obviously, the legislature’s use of the words ‘perpetration of sexual abuse’ was intended to include any sexual offense committed against a person under 17 years of age."
Hasty, 615 So.2d at 1323 (emphasis added).
Although rape is enumerated among the “sexual offenses” in chapter 6, article 4, of the Criminal Code, see §§ 13A-6-61 and 13A-6-62, Ala.Code 1975, and incest is not, we do not think that the legislature intended for conviction of only those crimes specifically designated as “sexual offenses” in chapter 6, article 4, to require denial of eligibility for Class I CIT earning status within the meaning of § 14-9-41(e). There is nothing in § 14-9-41 (e) to indicate that the legislature meant to prevent the classifying authorities for the department of corrections from looking at the facts underlying the crime for which an inmate has been convicted in order to assess the inmate’s eligibility for Class I CIT earning status.
As we stated in Hasty, “the legislature’s use of the words ‘perpetration of sexual abuse’ [in § 14-9-41(e)] was intended to include any sexual offense committed against a person under 17 years of age.” Hasty, 615 So.2d at 1323. Obviously, the legislative intent of § 14-9-41(e) is to protect children from sexual predators.[1] Because the acts underlying the appellant’s conviction for incest involved the appellant’s having forcibly engaged in sexual intercourse with his 16-year-old daughter, we find that the appellant committed a sexual offense against a person under 17 years of age, within the meaning of § 14-9-41(e).
The appellant argues that he is entitled to an evidentiary hearing on his petition. *1365 The state supported its motion to dismiss by attaching copies of the appellant’s progress review form and classification summary form from the department of corrections and a presentence investigation form from the board of pardons and paroles, all of which reflected that the appellant’s incest conviction arose from his having forcibly engaged in sexual intercourse with his 16-year-old daughter. (C. 35, 40, 45.) Because the pleadings were sufficient to show that there was no merit to the appellant’s petition, there was no requirement that an evidentiary hearing be held.
The circuit court’s judgment dismissing the' appellant’s habeas petition is due to be affirmed.
AFFIRMED.
All Judges concur.

. In Brooks v. State, 622 So.2d 447 (Ala.Cr.App.1993), we held that the exception to § 14-9-41(h), Ala.Code 1975 (Supp.1992), eliminating from eligibility for retroactive CIT those sex offenders who had been sentenced to at least 10 years’ but no more than 15 years’ imprisonment after May 19, 1980, but before October 29, 1991, was unconstitutional and should be severed from the rest of the statute. In so holding, we reasoned that the sex offender exception to § 14-9-41(h) (Supp.1992) treated prisoners differently based strictly on the timing of their convictions and was therefore without a rational basis and violated equal protection principles. The same problem is not presented by § 14-9-41(e), however, because there is a rational basis for treating prisoners differently based upon the nature of their crimes and the age of their victims.